ALTHEA B. HOLLIDAY, as Administratrix of the Estate of FRANK HOLLIDAY, Deceased, Appellant, v. PAUL L. ROCKWELL et al., Respondents. ALTHEA B. HOLLIDAY, as Administratrix of the Estate of FRANK HOLLIDAY, Deceased, Appellant, v. EASTERN FREIGHT WAYS, INC., Respondent.— These consolidated actions were heard by the court and jury at a Trial Term of the Supreme Court of Broome County. The jury's verdict was against plaintiff for no cause for action. Plaintiff has appealed to this court from the judgment entered on the verdict and from two separate orders denying motions to set aside the verdict and for a new trial, the one upon the ground that the verdict was against and contrary to the weight of evidence and the other on the ground of irregularity and misconduct of the jury and the court clerk. On January 26, 1952, a farm truck owned and operated by plaintiff's intestate collided with a tractor-trailer combine operated by defendant Rockwell on Route 7 in Broome County in the vicinity of Harpursville. Defendant Rockwell owned the tractor. The trailer was owned by Olean and carrying drums of oil on account of Eastern. Plaintiff's intestate was killed instantly. The road was slushy, icy and very slippery. There was testimony on the part of the defendant driver that, as he was approaching a stalled automobile on his side of the road and while applying his brakes, his vehicle jackknifed twice. The second time they buckled in such a manner as to put portions of the combined vehicles into the lane and path of decedent's truck, when the collision occurred. From the record before us it appears that decedent was at all times on his own side of the road and was not guilty of anything in the nature of contributory negligence. The verdict was against and contrary to the weight of the evidence. There should be a new trial. While the affidavits submitted on the motion by reason of a conversation between the court clerk and one of the sitting jurors do not sufficiently establish facts to justify a conclusion

that the plaintiff was prejudiced thereby, the question becomes academic in the light of the foregoing determination. Nonetheless, and even though it is probable that the clerk and the juror intended no wrong, contacts between court officers and jurors, except as authorized by the court in appropriate circumstances, are not to be countenanced. No justification should be given for arousing suspicions as to the sanctity of jury verdicts. Judgment and order denying the motion to set the verdict aside as against and contrary to the weight of the evidence are reversed, on the facts, and a new trial directed, with costs in this court to the appellant. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur. [See 283 App. Div. 677.]